UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES, SR., United States Presidential Candidate,

                Plaintiff,

-against-

UNITED STATES SENATE GOP, et al.,

                Defendants.

21-CV-10278 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained at the Vernon C. Bain Center, brings this action *pro se* without prepayment of the filing fee. Plaintiff is barred, however, from filing any new action *in forma pauperis* (IFP) while he is a prisoner. *See Jones v. Police Officer Jane Doe,* 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021) (citing *Jones v. Norman*, No. 4:13-CV-0596 (E.D. Mo. Apr. 3, 2013), which set forth three cases that had been dismissed as frivolous, malicious, or for failure to state a claim). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

      Plaintiff filed this new action without prepaying the filing fee, and his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff contends that the

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

United States government is funding domestic terrorists and states that his claims have arisen since 1866. Because Plaintiff's complaint does not show that he is under imminent danger of serious physical injury, the Court denies his application to proceed IFP and dismisses this action without prejudice.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future civil action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury. *Id.* The Court notes that Plaintiff is also barred, under 28 U.S.C. § 1651, from filing any new action IFP without first obtaining from the court leave to file. *See Jones v. Stewart*, ECF 1:16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  December 3, 2021
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge